

Stephen B. Selbst
**Partner**
Phone: 212.592.1405
Fax: 212.545.2313
sselbst@herrick.com

September 26, 2025

**By CM/ECF**

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom 701
New York, New York 10004

Re:    In LuxUrban Hotels, Inc. et al. ("Debtors") – 25-12000 (DSJ)

Dear Judge Jones:

We represent St. Giles Hotel LLC, a Delaware limited liability company ("**St. Giles**"), that is the owner and landlord of the property at 120 East 39th Street (the "**Property**"), which was previously operated by the Debtors as the Tuscany Hotel.

Pursuant to a lease dated July 25, 2022, as amended (the "**Prime Lease**"), St. Giles leased the Property to ABGNY 432613 LLC ("**Prime Tenant**"), which subleased the Property to Tuscany Legacy Leasing LLC, LuxUrban RE Holdings LLC, LuxUrban Hotels, Inc., and RMCBGNY Inc. (collectively, "**Subtenants**"). Subtenants LuxUrban RE Holdings LLC and LuxUrban Hotels, Inc. are Debtors in the case referred to above.

The Prime Lease expired by its terms on April 30, 2025, but Prime Tenant and Subtenants have wrongfully refused to vacate and remain in possession without the permission of St. Giles since the expiration of the Prime Lease term.

On September 2, 2025, St. Giles commenced a summary eviction proceeding in the Commercial Landlord & Tenant part of the Civil Court of New York County against Prime Tenant and Subtenants, pending as Index No. L&T 314870-25, seeking to recover legal and physical possession of the Property. The first return date for that petition was scheduled for September 29, 2025, but the proceeding was stayed by the Debtors' chapter 11 filing.

# HERRICK

Hon. David S. Jones
September 26, 2025
Page 2

There have been multiple reports that the Debtors ceased to operate the Property as a hotel on or about the date that their chapter 11 cases were commenced. There have also been reports that the Debtors continued to solicit and accept reservations for stays at the Tuscany Hotel after they had ceased to operate, and that there has been no maintenance staff or security present at the Property.

A St. Giles executive visited the Property yesterday and discovered a notice dated September 10, 2025, a copy of which is attached as Exhibit A, taped to the revolving door of the entry to the Tuscany Hotel, purportedly signed by "Building Ownership," which stated that the Tuscany Hotel had been closed by order of the Fire Department for health and safety reasons. St. Giles has no knowledge as to whether the Fire Department ordered the Tuscany Hotel to be closed or not, but it did not sign or authorize the posting of such a notice. As the owner of the Property, unauthorized statements on its behalf must be halted immediately. Given the apparent abandonment of the operation of the hotel, St. Giles needs immediate access to the Property to verify that building systems are being properly maintained. St. Giles is concerned that these conditions present serious dangers to the public and that they also harm its interest as the owner. For these reasons, St. Giles believes that the immediate appointment of a trustee is necessary to protect public safety and welfare.

As set forth above, St. Giles had already acted to regain possession of the Property from the Prime Tenant and Subtenants before the commencement of the Debtors' chapter 11 cases. St. Giles anticipates that it will soon seek relief from the automatic stay to allow it to prosecute its petition to recover possession.

We are available if the Court has any questions regarding this letter.

Sincerely,

Stephen B. Selbst