**JACOBS P.C.**
*Proposed Attorneys for the Debtors,*
*LuxUrban Hotels Inc. and*
*LuxUrban RE Holdings LLC*
717 Fifth Avenue, Floor 17
New York, NY 10022
(212) 229-0476
Robert M. Sasloff, Esq.
Leo Jacobs, Esq.
Aaron Slavutin, Esq.
leo@jacobspc.com
robert@jacobspc.com
aaron@jacobspc.com

**MEMORANDUM ENDORSED ORDER**

Debtors' time to file schedules is hereby extended to October 1, 2025. A further extension will be discussed during the conference scheduled for September 30.

So ordered.

Dated: 9/29/25           *s/ DSJ*, USBJ

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                                                    Chapter 11

    **LUXURBAN HOTELS INC. et al.,**[1]             25-12000-dsj
                                                                          **(Jointly Administered)**
    Debtors.
-------------------------------------------------------------X

**MOTION TO EXTEND THE DEBTORS' TIME TO**
**FILE SCHEDULES AND STATEMENTS**

TO:    HON. DAVID S. JONES
       UNITED STATES BANKRUPTCY JUDGE

The debtors, LuxUrban Hotels Inc. ("LuxUrban") and LuxUrban RE Holdings LLC ("LuxUrban RE" and, together with LuxUrban, the "Debtors"), by their proposed attorneys, represent:

**PRELIMINARY STATEMENT**

1.    The Debtors request that this Court enter an Order: a.) pursuant to Fed. R. Bankr. P. 1007(c) and 9006(b)(1), extending from September 29, 2025, through and including

---

[1] The Debtors in these chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907)

1

<ol>
<li value="1">October 13, 2025, the time to file schedules of assets and liabilities and statement of financial affairs and related filings; and b.) granting such other and further relief as this Court deems proper (the "Motion").</li>

<li>The Motion should be granted as circumstances necessitate the Debtors having a brief period to file their schedules of assets and liabilities and statement of financial affairs and related filings. These cases were filed on an emergency basis, and the Debtors are accordingly primarily focused on identifying and obtaining a viable restructuring path forward.</li>
</ol>

## BACKGROUND AND JURISDICTION

<ol start="3">
<li>Voluntary Petitions for relief under chapter 11 of the Bankruptcy Code were filed on September 14, 2025 (the "Petition Date") by the Debtors.</li>

<li>The Debtors continue to possess their property and manage their affairs as debtors in possession, pursuant to 11 U.SC §§ 1107 and 1108. The Debtors are not presently operating the hotels, but are endeavoring to raise capital to reopen them.</li>

<li>LuxUrban is a corporation organized under the laws of the State of Delaware.</li>

<li>LuxUrban RE is a limited liability company organized under the laws of the State of Delaware.</li>

<li>The Debtors had strategically built a portfolio of hotel properties in destination cities by capitalizing on the dislocation in commercial real estate markets and the large amount of debt maturity obligations on those assets that came due with a lack of available options for owners of those assets. To this end, the Debtors lease entire existing hotels on a long-term basis and rent out hotel rooms in the properties they lease. Over the last few years, the Debtors have shed unprofitable or undesirable</li>
</ol>

locations, such that the Debtors currently have a portfolio of four hotels in New York through long-term lease agreements and manage these hotels directly. Those hotels are:

- Herald, located at 71 West 35th Street, New York, New York 10001 ("Herald"). LuxUrban is the current leaseholder for the Herald, which has 168 rooms and has approximately 12 years left on its lease.

- Tuscany, located at 120 East 39th Street, New York, New York 10016 ("Tuscany"). LuxUrban is the current leaseholder for the Tuscany, which has 125 rooms and has approximately 12.5 years left on its lease.

- Hotel 27, located at 21 East 27th Street, New York, New York 10016 ("Hotel 27"). LuxUrban RE is the leaseholder for Hotel 27, which has 74 rooms and has approximately 13 years left on its lease.

- Hotel 46, located at 129 West 46th Street, New York, New York 10036 ("Hotel 46"). LuxUrban RE is the leaseholder for Hotel 46, which has 79 rooms and has approximately 23 years left on its lease.

8. The Debtors' revenues were generated primarily through the rental of rooms to hotel guests and also through ancillary services such as cancellable room rate fees, resort fees, late and early check-in and check-out fees, baggage fees, parking fees, grab and go food service fees, and upgrade fees. Debtors' revenue was adversely impacted by general economic conditions, legacy debts from hotels acquired but subsequently closed and other factors which led to their union employees walking off the job.

9. No committee of unsecured creditors has been appointed in this case.

10. This Court has jurisdiction over this case, pursuant to 28 U.S.C. §§ 157 and 1334.

3

11. This Motion is a core proceeding, as defined by 28 U.S.C. § 157(b).

12. The venue for this Motion is appropriate, pursuant to 28 U.S.C. §§ 1408 and 1409.

13. This is the Debtors' first motion seeking to extend the time to file schedules and statement of financial affairs.

## THE DEBTOR SHOULD BE GRANTED AN EXTENSION TO FILE ITS SCHEDULES, STATEMENTS AND RELATED DOCUMENTS

14. It is taking some time, post-petition, to complete the schedules and statements, so they can be done completely and accurately. The Debtors have been distracted by the bankruptcy process, issues related to re-opening its hotels, ongoing negotiations with its senior lender and other parties and have not been able to devote the necessary time yet to complete the schedules, statements, and related documents.

15. Fed. R. Bankr. P. 1007's deadline for the Debtors to file their schedules of assets and liabilities and statement of financial affairs and related filings is September 29, 2025.

16. By this Motion, the Debtors are requesting an extension of that deadline to October 13, 2025.

17. Gathering information necessary for the Debtors to complete their schedules and statements is time consuming, in any case. The time before the Petition Date was spent accumulating the necessary information to file the emergency voluntary petitions because the filing of this case was critical to the Debtors being able to protect their properties.

18. The Debtors are working to provide accurate and complete information for their schedules and statement of financial affairs. Specifically, the Debtors are providing information to complete the schedules and statements as they go through their books and records. But upon review thereof, additional information is needed to produce complete

4

and accurate schedules and statements.

19. Unfortunately, the Debtors coordinating this information retrieval under the circumstances detailed above requires more than the two weeks allotted by Fed. R. Bankr. P. 1007.

20. Fed. R. Bankr. P. 9006(b)(1) provides:

> ***Enlargement***.
>
> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

21. The Debtors filed this Motion before the deadline for their schedules of assets and liabilities and statement of financial affairs and related filings expired.

22. Applications for orders extending the time to file schedules and statements will "normally will be granted in the absence of bad faith or prejudice to the adverse party." *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994).

23. The Debtors are acting in good faith.

24. No prior application has been made to this Court for the relief sought herein.

25. Extending the Debtors' time to file accurate and complete schedules and statements prejudices no one.

26. This is especially so, as the additional time will ensure the accuracy and completeness of the Debtors' schedules of assets and liabilities and statement of financial affairs and related filings.

27. The brief delay in filing prejudices no one and comports with the Fed. R. Bankr. P.'s goals. *See* Fed. R. Bankr. P. 1001 ("These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.")

28. Accordingly, the Debtors submit that the Motion and extension should be granted.

## **RESERVATION OF RIGHTS**

29. Nothing contained herein or any actions taken pursuant to the relief requested in this Motion is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors' under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

**WHEREFORE,** it is requested that the Court grant this Motion and issue an Order:

a.) pursuant to Fed. R. Bankr. P. 1007(c) and 9006(a)(1) extending from September 29, 2025, to and including October 13, 2025, the Debtors' time to file their schedules of assets and liabilities and statement of financial affairs and related filings and b.) granting such other and further relief as this Court deems proper.

Dated: New York, New York
September 26, 2025

          **JACOBS P.C.**
          */s/ Robert M. Sasloff*
          Robert M. Sasloff, Esq.
          *Proposed Attorneys for the Debtors*
          717 Fifth Avenue, 17th Floor
          New York, NY 10022
          (212) 229-0476
          robert@jacobspc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:                                                                                          Chapter 11

    **LUXURBAN HOTELS INC. et al.,**[1]                        **25-12000-dsj**
                                                                                                                                   **(Jointly Administered)**

    **Debtors.**
-------------------------------------------------------------X

## ORDER GRANTING DEBTORS' MOTION SEEKING AN ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS IN THESE CASES

Upon the above-named debtors' (the "Debtors") motion (ECF Doc. No. ___) seeking an Order: a.) pursuant to Fed. R. Bankr. P. 1007(c) and 9006(b)(1), extending from September 29, 2025 through and including October 13, 2025, the Debtors' time to file their schedules of assets and liabilities and statement of financial affairs and related documents ("Schedules and Statements"); and b.) granting such other and further relief as this Court deems proper (the "Motion"); and there being appropriate and sufficient notice of the Motion; and there being no objection to the Motion; and after due consideration and sufficient cause appearing therefor it is:

**ORDERED**, that the Motion is granted to the extent provided for in this Order; and it is further

**ORDERED**, that, pursuant to Fed. R. Bankr. P. 1007(c) and 9006(b)(1), the Debtors' time to file their Schedules and Statements be and hereby is extended through and including October 13, 2025.

                                                                                    _____
                                                                                    HON. DAVID S. JONES
                                                                                    UNITED STATES BANKRUPTCY JUDGE

---

[1] The Debtors in these chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907)