| | |
|---|---|
| JASPAN SCHLESINGER NARENDRAN LLP<br>300 Garden City Plaza<br>Garden City, New York 11530<br>(516) 393-8289<br>Frank C. Dell'Amore, Esq.<br>fdellamore@jaspanllp.com<br>*Attorneys for W Financial REIT, Ltd.* | Return Date and Time:<br>October 9, 2025 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                                          Chapter 11

    LUXURBAN HOTELS INC.[1]
                                                                          Case No. 25-12000-dsj
    Debtor.

-----------------------------------------------------------------x

### W FINANCIAL REIT, LTD.'S REPLY TO DEBTORS' OBJECTON TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE UNITED STATES BANKRUPTCY CODE

TO:   THE HONORABLE DAVID J. JONES
       UNITED STATES BANKRUPTCY JUDGE

    W Financial REIT, Ltd. ("Movant") submits this reply to the objection ("Objection") of debtor, LuxUrban RE Holdings LLC ("Debtor"), to its motion for relief from the automatic stay pursuant to Section 362(d) of the United States Bankruptcy Code ("Motion"). Capitalized terms not specifically defined herein shall have the same meaning as ascribed to such terms in the Motion or the Objection.

    1. Since the Mortgage was executed and in recorded in 2019, and the Lease was not executed until 2023, the Mortgage has priority over the Lease. *See Bank of N.Y. Mellon v. Luiso 37-39 Clifford, LLC* 2022 N.Y. Misc. LEXIS 53297 *6 (Sup. Ct., Westchester Cty 2022) ("…it is

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907).

FCD / #1890150v1 / 0184540 - 083337

elementary law that New York State is a race-notice jurisdiction, a concept more commonly referred to as "first in time, first in right"); *see also New York Real Property Law* § 291 ("A conveyance...may be recorded...Every such conveyance not so recorded is void as against any person who subsequently purchases or .. contracts to purchase . . . the same real property in good faith and for valuable consideration, from the same vendor...and whose conveyance...or contract is first duly recorded...").

2. In order to elevate the priority of the Lease over that of the Mortgage, it would be necessary for Debtor to establish that Movant executed a Subordination, Non-Disturbance and Attornment Agreement ("SNDA") in connection with the Lease or the Property. *See KVR Realties, Inc. v. Treasure Star, Inc.*, 58 N.Y.2d 793 (1983) (a valid SNDA will elevate the priority of subsequent lease over a prior recorded mortgage).

3. However, Movant has never executed an SNDA in connection with the Lease and Debtor essentially admits as much by stating that "[c]urrent management's files do not contain a separate SNDA...". *See* Objection ¶ 27. In fact, the Debtor has not established that it is a party to *any* agreement with Movant.

4. Nonetheless, Debtor attempts to avoid the ramifications of not obtaining an SNDA when entering into the Lease by arguing that it should still be able to prime Movant's priority because the Lease required the Landlord to seek an SNDA from Movant. This argument has no merit.

5. First, Movant is not a party to the Lease and, thus, it is not bound by the terms thereof. To the extent the Landlord is in breach under the Lease, Debtor's only recourse would be to seek damages against Landlord because the Debtor is not in privity with Movant.

6. Second, the lone case cited to by Debtor to support its position in this regard actually support's Movant's position. In *220 West 42 Associates v. Ronbet Newmark Co.*, 84 Misc. 2d 259

(Sup. Ct., NY Cty. 1975), the mortgage was entered into *after* the lease and, thus, the lease had priority over the mortgage. *Id.* at 263-264. Moreover, the court relied on the fact that the mortgagees were "not third parties who have given cash consideration in exchange for a note and a mortgage lien"; rather, they were "the same parties who covenanted or assumed the covenant of quiet enjoyment embodied in that lease." *Id.* at 262.

7. Here, there is no dispute that the Mortgage has priority over the Lease, which is the exact reason why Movant named Debtor as a defendant in the Foreclosure Action. *See New York Real Actions and Proceedings Law* § 1311.

8. Furthermore, it is undeniable that Movant is not a party to the Lease, unlike the mortgagee in *220 West 42 Associates,* who covenanted directly, or assumed a covenant, with the lessee.

9. Third, by defaulting in the Foreclosure Action, Debtor has admitted all "traversable allegations" contained in the foreclosure complaint. *See Amusement Business Underwriters v. American International Group, Inc.*, 66 N.Y.2d 878, 880 (1985). The Complaint in the Foreclosure Action alleges that the defendants, including Debtor, "have or claim to have some interest in, or lien upon the Property or some part thereof, which interest or lien, of any has accrued subsequent to the lien of the Mortgage, and is subject and subordinate thereto." *See* Motion, Exhibit C, ¶ 32. As such, Debtor has already admitted that the Lease is subject and subordinate to the Mortgage.

10. Considering the Lease is unequivocally subject and subordinate to the Mortgage, it is unclear why the Debtor is trying to thwart the Movant's efforts to proceed with its Foreclosure Action. Indeed, without an SNDA, any prospective purchaser of the Lease would take it subject to the Mortgage and the existing Foreclosure Action, which renders the Lease completely worthless.

11. Moreover, Debtor acknowledges that it has not paid the costs associated with operating the Property, which includes rental payments to the Landlord pursuant to the Lease.[2] *See* Objection, ¶ 17. Even if the Debtor was able to raise funds sufficient to cure all of the arrears, and assume the Lease, it would be a highly imprudent business decision for it to so because the Lease will always remain subject and subordinate to the Lease. *See Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993) ("[i]n reviewing a trustee's or debtor-in-possession's decision to assume an executory contract, then, a bankruptcy court sits as an overseer of the wisdom with which the bankruptcy estate's property is being managed by the trustee or debtor-in-possession...").

12. Regardless, the continued prosecution of the Foreclosure Action will actually benefit Debtor by ultimately relieving it of the burden of the continuing obligations associated with operating the Property, which it is, admittedly, not complying with.

13. In conclusion, Movant respectfully submits that the *Sonnax* factors, as laid out in the Motion, weigh in favor granting the Motion. The Foreclosure Action is very close to conclusion and can proceed without interfering with this case and without the Debtor's involvement (who until last week, made no effort to protect any rights it may have had in connection with that action). The Debtor is not generating any income from the Property (and is actually becoming further in debt each day that the Lease remains in effect). A continued stay of the Foreclosure Action will only serve to needlessly delay the enforcement of Movant's rights because, quite candidly, unless the Mortgage is paid in full, there is nothing the Debtor can do to prevent the inevitable termination of the Lease. It would be highly inequitable to require Movant to sit idly by while the debt owed to it continues to grow and the Debtor continues to flout its obligations pursuant to the Lease by

---

[2] Debtor's failure to pay rental payments to the Landlord is likely the reason why the Landlord default under the Mortgage in the first instance.

failing to make any rental payments to the Landlord, which is likely the precipitating event leading up the Foreclosure Action.

14. By virtue of the foregoing, Movant respectfully requests that its Motion be granted so that it can continue to prosecute its state-court remedies with respect the Mortgage and the Property.

**WHEREFORE**, Movant respectfully requests that the automatic stay be vacated in order to permit it to pursue its rights under applicable state law with respect to the Foreclosure Action, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
October 6, 2025

JASPAN SCHLESINGER NARENDRAN LLP
*Attorneys for W Financial REIT, Ltd.*

By: _____
Frank C. Dell'Amore, Esq.
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289