HERRICK, FEINSTEIN LLP
Stephen B. Selbst
Janice Goldberg
Silvia Stockman
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com
jgoldberg@herrick.com
sstockman@herrick.com

*Counsel for St. Giles Hotel LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
In re                                                    :    Chapter 11
                                                         :
LUXURBAN HOTELS INC.,[1]                                 :    Case No. 25-12000 (DSJ)
                                                         :
                          Debtor.                        :
-------------------------------------------------------- x

**DECLARATION OF ANUPAM BHAUMIK IN SUPPORT OF**
**ST. GILES' MOTION FOR RELIEF FROM THE AUTOMATIC**
**STAY TO PERMIT HOLDOVER PROCEEDING**

I, Anupam Bhaumik, make this declaration under 28 U.S.C. § 1746:

1.      I am the Controller of St. Giles Hotel LLC ("St. Giles").

2.      I make this Declaration in support of St. Giles' *Motion for Relief from the Automatic Stay to Permit Holdover Proceeding* ("Motion"), filed herewith in the above-captioned proceeding (the "Chapter 11 Cases").[2]

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907).

[2] Capitalized, undefined terms are defined in the Motion.

3.      St. Giles, a Delaware limited liability company, is the owner and landlord of the property at 120 East 39th Street, New York, NY 10016 (the "Property"), which Debtors, *inter alia*, previously operated as the Tuscany Hotel.

4.      Prime Tenant subleased the Property to Debtors by means currently unknown to St. Giles via Prime Tenant's alter ego and/or affiliate Tuscany Legacy Leasing LLC ("TLL").

5.      Specifically, St. Giles does not know whether Prime Tenant entered into a separate sublease for the Property with TLL, who in turn subleased to Debtors, or whether Prime Tenant and TLL are in fact the same entity.  St. Giles is currently aware that Prime Tenant and TLL share a principal place of business at 1770 West County Line, Lakewood, New Jersey 0870 and share a managing member, Shlomo Rosenbaum.

6.      The Prime Lease expired on April 30, 2025.  By its terms, the Prime Lease expired February 28, 2025 and was thereafter extended to April 30, 2025 pursuant to written agreements between St. Giles and Prime Tenant.  On June 19, 2025, St. Giles wrote to Prime Tenant confirming the Prime Lease expired as of April 30, 2025.[3]  While the Prime Lease Expiration Notice proposed an extension of the Prime Lease through June 30, 2025, Prime Tenant neither agreed to nor satisfied the conditions to such extension.

7.      To date, Prime Tenant and/or Debtors remain in possession of the Property without St. Giles' permission.

8.      Shortly prior to the Petition Date, on September 11, 2025, I went to inspect the Property after St. Giles was notified that the hotel had been closed. When I arrived, I observed the September 10 Notice posted to the entryway of the Property. The September 10 Notice was

---

[3] *See* Exhibit D to the Motion.

purportedly signed by "Building Ownership"—but was not prepared, executed, or authorized by St. Giles, the Property's owner.

9.      The September 10 Notice states the Tuscany Hotel was closed by order of the NYFD for "unresolved safety and compliance issues." St. Giles attempted to locate a vacate order or other order of the NYFD but was unable to do so.

10.      I also observed a few guests departing the Tuscany Hotel and was advised by a security guard stationed at the premises (who would not divulge the identity of his employer) that the hotel had to be vacated for a week to correct the alleged deficiencies.

11.      Given the apparent abandonment of the operation of the Property and safety issues referenced in the September 10 Notice (which St. Giles has not yet been able to verify), as well as, upon information and belief, Prime Tenant's conduct, including purportedly installing a new hotel operator at the Property, St. Giles needs immediate access to the Property to verify that the Property itself is secure and its building systems are being properly maintained. This is of particular urgency given the Debtors' position that such security and/or maintenance is being done by third parties who remain unknown to St. Giles. St. Giles is concerned that these conditions present serious dangers to the public and that they also harm its interest as the Property's owner.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: October 6, 2025                                                  _/s/ Anupam Bhaumik_____
           New York, New York                                            Anupam Bhaumik