| | |
|---|---|
| WILLIAM K. HARRINGTON | **Hearing Date and Time:** |
| UNITED STATES TRUSTEE, REGION 2 | October 21, 2025, at 10:00 a.m. |
| U.S. Department of Justice | **Objection Deadline:** |
| Office of the United States Trustee | October 17, 2025, by 12:00 noon |
| Alexander Hamilton U.S. Custom House | **Related to ECF No.:** |
| One Bowling Green, Rm. 534 | ECF No. 1 |
| New York, NY 10004 | |
| Tel. (212) 510-0500 | |
| andrea.b.schwartz@usdoj.gov | |
| By:   Andrea B. Schwartz, Esq. | |
|          Trial Attorney | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re                                                                           :   Chapter 11
                                                                                    :
LUXURBAN HOTELS, INC., *et al.*,                       :   Case No. 25-12000 (DSJ)
                                                                                    :   (Jointly Administered)
                                          Debtors.              :
-------------------------------------------------------------- X

# DECLARATION OF ANDREA B. SCHWARTZ IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. § 1104, FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

I, Andrea B. Schwartz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a trial attorney for the United States Department of Justice, Office of the United States Trustee, with offices located at Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, NY 10004. I am a member of the bars of the States of New York, New Jersey, and California.

2. I represent William K. Harrington, the United States Trustee for Region 2, and am the Trial Attorney with responsibility for this case. I submit this declaration in support of the *United States Trustee's Motion, Pursuant to 11 U.S.C. § 1104, for an Order Directing the Appointment of a Chapter 11 Trustee.*

3. A copy of the article, *A Surprise Awaited These Travelers at Check-In: The Hotel Was Closed*, N.Y. TIMES (Sept. 17, 2025), by Gabe Castro-Root is annexed as **Exhibit A.** The NYT article describes situations that travelers experienced when they arrived at the Debtors' hotels and found them closed, after having paid for reservations. One traveler told the reporter that the note on the door was signed by "Building Management" and the cause of the closure was "unresolved safety and compliance issues left by the previous hotel management company, who abandoned the property without notice," and referred to an order from the Fire Department to vacate immediately. Apparently, no notice of the closure and the bankruptcy filing was included in the notice.

4. Upon information and belief, 960 Associates, LLC owns the property at which the Herald is located (71 W. 35th Street) and is the landlord under the lease pursuant to which the Debtors[1] rent the space at which the Herald operates.

5. Upon information and belief, Aareal Capital Corporation seeks relief from this Court from the automatic stay because a Debtor or the Debtors are named defendants in a foreclosure action pending in the New York Supreme Court styled, *Aareal Capital Corporation v. 960 Associates LLC, et al.*, Index No. 805379/2025.

6. On September 30, 2025, the Court held a conference that I attended. Among other things, the Court set an expedited schedule for the U.S. Trustee's motion for the appointment of a Chapter 11 Trustee, with moving papers due October 9, 2025, responses due by noon on October 17, 2025, and a hearing to be held on October 21, 2025, at 10:00 a.m.

7. During a colloquy with the Court at the September 30th hearing concerning the Receiver Stipulation and the Receiver Order, counsel for Aareal and the Debtors represented that

---

[1] All capitalized terms herein shall have the same meaning as set forth in the U.S. Trustee's motion for the appointment of a chapter 11 trustee unless otherwise defined.

2

nothing in those documents would affect the Debtors, their rights under the lease or their estates, and that all actions by any receiver would be subject to the Bankruptcy Code, Rules and applicable law.

8.  The Court directed the U.S. Trustee to negotiate with the Debtors and Aareal on language that would be satisfactory to all parties.

Dated: New York, New York
       October 9, 2025                          /s/ *Andrea B. Schwartz*
                                                Andrea B. Schwartz
                                                Trial Attorney