| | |
|---|---|
| **JACOBS P.C.** | **Hearing Date** |
| *Proposed Counsel for the Debtors,* | October 21, 2025, at 10:00 a.m. (ET) |
| *LuxUrban Hotels Inc. and* | |
| *LuxUrban RE Holdings LLC* | **Related to** |
| 717 Fifth Avenue, Floor 17 | ECF No. 58 |
| New York, NY 10022 | |
| (212) 229-0476 | |
| Robert M. Sasloff, Esq. | |
| Leo Jacobs, Esq. | |
| Aaron Slavutin, Esq. | |
| leo@jacobspc.com | |
| robert@jacobspc.com | |
| aaron@jacobspc.com | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **LUXURBAN HOTELS INC. et al.,**[1] | 25-12000-dsj |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------X

**DEBTORS' STATEMENT REGARDING MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO PERMIIT HOLDOVER PROCEEDING**

TO:   HON. DAVID S. JONES
      UNITED STATES BANKRUPTCY JUDGE

The debtors, LuxUrban Hotels Inc. ("**LuxUrban**") and LuxUrban RE Holdings LLC

("**LuxUrban RE**" and, together with LuxUrban, the "**Debtors**"), by their proposed attorneys,

hereby submit this statement (the "**Statement**") to the motion at ECF No. 58 (the "**Motion**") of

St. Giles Hotel LLC ("**Movant**") for entry of an Order, pursuant to § 362(d) of title 11 of the

United States Code (the "**Bankruptcy Code**"), lifting the automatic stay to pursue Movant's

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945) and LuxUrban RE Holdings LLC (2907).

1

purported applicable rights under state law with respect to the Holdover Proceeding,[2] in which the Debtors are named defendants. In support of the Statement, Debtors respectfully represent and allege as follows:

### Preliminary Statement

1.  At this juncture of these cases, and while the Debtors are still working on various potential rehabilitation efforts, the Debtors submit that granting relief to allow Movant to proceed with the Holdover Proceeding up to judgment but not to enforcement would be a proper use of judicial resources. The Debtors cases were only recently filed and generally stay relief in newly filed cases requires a higher threshold of proof, but the Debtors do not believe it would be necessarily appropriate to prevent Movant being able to pursue its state court rights, especially if the facts alleged are borne out and determined to be truthful.

2.  It appears that the Debtors were not properly advised and may have even been defrauded in their lease negotiations when entering into the Sublease. Debtors were led to believe that its landlord, TLL, had a long-term lease with Movant or had rights with respect thereto during those negotiations. While that circumstance will have to be investigated, the Debtors submit that this alone does not serve as an adequate basis to oppose the relief sought in the Motion.

3.  Debtors' original plan was to restart operations at this location as well but based upon facts on the ground now reopening is less likely, because TLL may have violated the automatic stay, asserting that because the Debtors had 'abandoned' this location, they contracted for a new hotel operator to take over the property. Debtors dispute that they had abandoned the location but acknowledge that they had temporarily ceased operations. Debtors had advised TLL

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

that any attempt to take control of the premises may be deemed a violation of the automatic stay, but they apparently acted without the benefit of seeking stay relief, unlike Movant herein.

4. Although the Debtors would assert that the Lease is a valuable asset of the estate worth preserving, which would inure to the benefit of their estates, Debtors submit that stay relief under the circumstances is appropriate, provided it's conditioned as follows: before the Movant is able to evict, if such permission is granted, Movant must come back to this Court to seek final permission to proceed.

## Background

5. Voluntary Petitions for relief under chapter 11 of the Bankruptcy Code were filed on September 14, 2025 (the "**Petition Date**") by the Debtors.

6. The Debtors continue to possess their property and manage their affairs as debtors in possession, pursuant to 11 U.SC §§ 1107 and 1108. The Debtors are not presently operating the hotels but are endeavoring to raise capital to reopen them.

7. LuxUrban is the current leaseholder for the hotel located at 120 East 39th Street, New York, New York ("Tuscany"), which has 125 rooms and approximately 12.5 year left on its Sublease.

8. Prior to the time of the filing of the bankruptcies, in a separate proceeding by TLL, a dispossession order was entered against LuxUrban subject to and requiring current use and occupancy be paid. However, Debtors filed these cases before the effect of that order had taken place.

## Discussion

9. The automatic stay set forth in section 362(a)(1) of the Bankruptcy Code bars the commencement or continuation of actions and/or proceedings against a debtor and is a

3

fundamental debtor protection. *See Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986). In the Second Circuit, actions commenced or continued in violation of the stay are void *ab initio*. *Church Mut. Ins. Co. v. Am. Home Assur. Co. (In re Heating Oil Partners, LP)*, 422 F. App'x 15, 18 (2d Cir. 2011); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) ("The stay is effective immediately upon the filing of the petition, and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.").

10. Turning then to whether lift-stay relief is warranted here, the Second Circuit Court of Appeals, in *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990), articulated the following twelve (12) factors (the "***Sonnax* Factors**") which the bankruptcy court must weigh upon a request for relief from the automatic stay in order to continue litigation in another forum. In *Sonnax*, the Court pointed out that "the decision of whether to lift the stay is committed to the discretion of the bankruptcy judge." *Id.*

11. Based upon the allegations set forth in the Motion, wherein Movant asserts that since the subject property is not property of the estate, (because the TLL Prime Lease had expired and LuxUrban cannot have greater rights to the premises than its landlord had), continuing the prosecution of the Holdover Proceeding will not prejudice the creditors of these cases because the Sublease has no value, and in light of application of the Sonnax Factors, Debtors reluctantly agree that the appropriate forum for the resolution of this dispute may not be the Bankruptcy Court but may be in the State Court. While Debtors would like to hold onto this hotel premises, its rights with respect thereto have to be to determined and thus an adjudication in the Holdover Proceeding as to what those rights may otherwise be appears appropriate.

4

12. Current management does not have the capacity or the information in its files to determine what was represented to prior management, and an investigation will be necessary to see what rights LuxUrban may have to assert against third parties with respect thereto.

13. As the relief sought is within the discretion of the Court, Debtors submit that Movant should be entitled to proceed to the determination of the various parties' rights with respect to the hotel premises, but that final relief to enforce any relief against the Debtors in the Holdover Proceeding should be deferred until a further request to this Court is made once that decision is reached.

## Conclusion

14. Accordingly, Debtors, based on the totality of the circumstances of these cases presently, through their proposed counsel, hereby consent to the Movant's Motion and submission of an Order lifting the stay to allow Movant to proceed up to enforcement of any judgment as it relates to LuxUrban, subject to obtaining a further order of this Court granting final stay relief with respect thereto.

**WHEREFORE**, the Debtors consent to the granting of the Motion and the submission of an Order lifting the stay to allow Movant to proceed up to enforcement of any judgment as it relates to LuxUrban, subject to obtaining a further order of this Court granting final stay relief with respect thereto, and for such other and further relief as this Court deems appropriate.

Dated: New York, New York
October 15, 2025

**JACOBS P.C.**

By: */s/ Robert M. Sasloff*
Robert M. Sasloff, Esq.
Leo Jacobs, Esq.
Aaron Slavutin, Esq.
717 Fifth Avenue, Floor 17
New York, New York 10022
212-229-0476
leo@jacobspc.com
robert@jacobspc.com
aaron@jacobspc.com
***Proposed Counsel for the Debtors***