DLA PIPER LLP (US)  
Dennis C. O'Donnell (NY 2486587)  
1251 Avenue of the Americas  
New York, NY 10020-1104  
Telephone: (212) 335-4500  
Email: dennis.odonnell@us.dlapiper.com  

Oksana Koltko Rosaluk (admitted *pro hac vice*)  
Corinne V. Smith (admitted *pro hac vice*)  
444 West Lake Street, Suite 900  
Chicago, Illinois 60606  
Telephone: (312) 368-4000  
Email: oksana.koltkorosaluk@us.dlapiper.com  
       corinne.smith@us.dlapiper.com  

*Counsel to Cloudbeds*

**Related to:** Docket No. 87

**IN THE UNITED STATES BANKRUPTCY COURT**  
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LUXURBAN HOTELS INC.,[1] | Case No. 25-12000 (DSJ) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF CLOUDBEDS IN RESPONSE TO DEBTORS'**  
**LIMITED OBJECTION TO UNITED STATES TRUSTEE'S MOTION**

Digital Arbitrage, Inc. d/b/a Cloudbeds ("Cloudbeds"), by and through its undersigned counsel, respectfully submits this statement (this "Statement") in response to the *Debtors' Verified (I) Limited Objection to United States Trustee's Motion, Pursuant to Section 1104 of the United States Bankruptcy Code, for an Order Directing the Appointment of a Chapter 11 Trustee and (II) Consent to Conversion of these Cases to Chapter 7* (the "Limited Objection") [Docket No. 87] filed by the above-captioned debtors (the "Debtors").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907).

1. Cloudbeds takes no position as to the relief sought in the requests for chapter 7 conversion or appointment of a chapter 11 trustee. Cloudbeds respectfully submits this Statement to respond to two key factual misrepresentations contained in the Debtors' Limited Objection.

2. *First*, the Debtors assert that "it was neither the Debtors' nor their management's obligation to reschedule or cancel reservations . . . [and] [t]he obligation to cancel reservations though belonged to the Debtors' OTAs, and without employees, Debtors could not have even attempted to reach out even if they wanted to." *See* Limited Objection ¶ 14.

3. Although the Debtors do not assert that Cloudbeds is an online travel agency ("OTA"), for purposes of completeness and to avoid any doubt, Cloudbeds is not an OTA, and the obligation to stop or cancel reservations did not rest with Cloudbeds. Cloudbeds is a software provider offering property management and booking engine tools; it does not operate as an OTA, does not control the Debtors' business decisions, and does not unilaterally cancel reservations absent direction from the Debtors. The Debtors, as the property operators, were responsible for determining whether to cease accepting or to cancel bookings on the booking engine.

4. *Second*, the Debtors contend that "the Debtors' management was in regular communication with Cloudbeds, which, itself, elected to not stop the operation of the booking engine, but could not immediately stop it because they had to send out a notice of termination to the Debtors before Cloudbeds could legally do so." *See* Limited Objection ¶ 14.

5. Debtors' management did not communicate to Cloudbeds any request or direction to turn off the booking engine. In fact, as previously communicated to the Court, Cloudbeds had reason to believe the hotels were closed, not due to the Debtors' communications, but rather by

newspaper articles and customer reviews. Had the Debtors provided consent or instruction to disable the booking engine, Cloudbeds could have promptly implemented that change. In the absence of such consent, Cloudbeds refrained from taking unilateral action to avoid any potential violation of the automatic stay and to ensure compliance with applicable contractual and legal requirements, including notice obligations implicated by a material breach.

6. Relatedly, Cloudbeds suspended the booking engine on September 30, 2025, pursuant to the Court's oral modification of the automatic stay authorizing Cloudbeds to suspend such services. No stipulation in furtherance of the automatic stay modification has been filed to date because the Debtors continue to negotiate the language.

Dated: October 20, 2025
      New York, New York

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Dennis C. O'Donnell*
Dennis C. O'Donnell (NY 2486587)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 335-4500
Email: dennis.odonnell@us.dlapiper.com

Oksana Koltko Rosaluk (*admitted pro hac vice*)
Corinne V. Smith (*admitted pro hac vice*)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 368-4000
Email: oksana.koltkorosaluk@us.dlapiper.com
      corinne.smith@us.dlapiper.com

*Counsel to Cloudbeds*

3