UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LUXURBAN HOTELS INC.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12000 (DSJ)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER
MODIFYING THE AUTOMATIC STAY**

    This Stipulation and Order (the "Stipulation") is entered into by and between counsel for the above-captioned debtors and debtors in possession (the "Debtors") and Digital Arbitrage, Inc. d/b/a Cloudbeds ("Cloudbeds," and together with Debtors, the "Parties").

    WHEREAS, Cloudbeds and the Debtors are parties to a Hospitality Services Agreement dated as of February 7, 2024 (the "HSA"), pursuant to which Cloudbeds provides the Debtors with certain property management software, including hotel booking engine and channel collection services (collectively, the "Booking Engine");

    WHEREAS, the Booking Engine (i) allows the Debtors to make available information to prospective guests on the Debtors' hotel websites related to hotel room availability; (ii) enables such guests to book available rooms for specific dates directly on the websites; and (iii) collects reservations made through online travel agents ("OTAs") for the Debtors' hotels through Cloudbeds' channel collection services;

    WHEREAS, section 5.2 of the HSA permits Cloudbeds to terminate the HSA "by written notice if the other Party is in material default or material breach of this Agreement and fails to

---

[1]     The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907).

cure such default or breach within thirty (30) business days after receiving a written notice of the default or breach." (HSA § 5.2.);

WHEREAS, in the days leading up to the chapter 11 filing, Cloudbeds had reason to believe that one or more of the Debtors' hotels were no longer in operation, but the Debtors did not timely update the required information in the Cloudbeds system to indicate that rooms were no longer available for booking at these locations, as required by section 1.4 of the HSA;

WHEREAS, on September 12, 2025, Cloudbeds issued a notice of material breach to the Debtors (the "Notice of Breach"), stating that the Debtors had not timely updated the property information and room availability data as required by the HSA, commencing the running of a notice period of thirty (30) business days (the "Notice Period"), upon the conclusion of which Cloudbeds would be permitted to effectuate termination of the HSA;

WHEREAS, as a result of the Booking Engine not being timely updated, the Booking Engine appeared to show availability and the Booking Engine may have allowed customers to make reservations at one or more of the Debtors' hotels that are not operational;

WHEREAS, Cloudbeds, while properly triggering the Notice Period, has not suspended services provided to the Debtors under the HSA in order to avoid violation of the automatic stay by interfering with any of the Debtors' contractual rights;

WHEREAS, the services provided under the HSA will not be needed if the Debtors do not operate the hotels during the bankruptcy and, thus, provide no benefit to the Debtors' estates;

WHEREAS, suspending operation of the Booking Engine would benefit the Debtors' estates by preventing harm to customers arising from bookings at hotels that are not operating that may give rise to claims against the Debtors, protecting Cloudbeds from the financial and

reputational harms potentially flowing from use of the Booking Engine in this connection, and, more generally, serving the public interest;

WHEREAS, the Parties have agreed to the modification of the automatic stay to permit Cloudbeds to suspend its performance under the HSA with respect to the Booking Engine, pending termination of the HSA upon expiration of the Notice Period on October 24, 2025 (the "Termination Date");

WHEREAS, the HSA, by its own terms, will terminate on the Termination Date in the absence of cure or other agreement, and the Parties agree to the modification of the automatic stay to permit such termination to become effective and Cloudbeds to take any additional actions required to facilitate such termination;

WHEREAS, at the September 30, 2025 status conference, the Court orally modified the automatic stay to authorize Cloudbeds to immediately suspend all booking engine services, and this Stipulation is in furtherance of, and pursuant to, the Court's direction.

NOW, therefore, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The automatic stay imposed by Section 362 of the Bankruptcy Code is modified to the extent necessary, to permit (i) Cloudbeds to immediately suspend its performance under the HSA with respect to the Booking Engine, effective as of September 30, 2025; and (ii) termination of the HSA to become effective on the Termination Date and Cloudbeds to take any additional actions required to facilitate such termination.

2. The Debtors shall not unilaterally take any steps to reopen, reactivate, or otherwise make rooms available for booking, including by making manual changes directly with

Cloudbeds or any OTA that would require Cloudbeds' channel collection services, without Cloudbeds' prior written consent.

3.     Notwithstanding the suspension or termination of the HSA, for a period of one (1) year following the Termination Date, Cloudbeds will allow the Debtors to access and retrieve historic data related to the Debtor-operated hotels' availability, booking, and occupancy as currently contained within the property management system.

4.     Except as specifically provided by this Stipulation with respect to the HSA, the automatic stay remains in full force and effect.

5.     The Bankruptcy Court shall have jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation.

[*Remainder of page left intentionally blank*]

Dated: October 20, 2025

| | |
|---|---|
| */s/ Dennis C. O'Donnell* | */s/ Robert M. Sasloff* |
| Dennis C. O'Donnell (NY 2486587) | Robert M. Sasloff, Esq. |
| **DLA PIPER LLP (US)** | Leo Jacobs, Esq. |
| 1251 Avenue of the Americas | Aaron Slavutin, Esq. |
| New York, NY 10020-1104 | **JACOBS, P.C.** |
| Telephone: (212) 335-4500 | 717 Fifth Avenue, 17th Fl. |
| Email: dennis.odonnell@us.dlapiper.com | New York, NY 10022 |
| | (212) 229-0476 |
| -and- | Email: leo@jacobspc.com |
| | robert@jacobspc.com |
| Oksana Koltko Rosaluk (*admitted pro hac vice*) | aaron@jacobspc.com |
| Corinne V. Smith (*admitted pro hac vice*) | |
| **DLA PIPER LLP (US)** | *Proposed Counsel to the Debtors* |
| 444 West Lake Street, Suite 900 | |
| Chicago, Illinois 60606 | |
| Telephone: (312) 368-4000 | |
| Email: oksana.koltkorosaluk@us.dlapiper.com | |
| corinne.smith@us.dlapiper.com | |

*Counsel to Cloudbeds*

**SO ORDERED.**

Dated: New York, New York
October 21, 2025

                                                   *s/ David S. Jones*
                                                 Honorable David S. Jones
                                                 United States Bankruptcy Judge