UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LUXURBAN HOTELS INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case Number: 25-12000 (DSJ)<br><br>(Jointly Administered) |

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT
ENTRY OF STATE COURT RECEIVER ODER AND
<u>CONTINUED PROSECUTION OF THE FORECLOSURE ACTION</u>**

This Stipulation and Order is entered into by and between Kenneth Silverman, as Chapter 7 Trustee (the "<u>Trustee</u>") of the jointly administered estates of the Debtors and Aareal Capital Corporation ("<u>Aareal</u>" and together with Debtors, the "<u>Parties</u>").

**WHEREAS**, debtor LuxUrban Hotels Inc. ("<u>LuxUrban</u>" or the "<u>Debtor</u>") previously operated a hotel known as the Herald, located at 71 West 35th Street a/k/a 960 Sixth Avenue, New York, New York 10001 (the "<u>Property</u>") pursuant to a lease agreement (the "<u>Lease</u>") between LuxUrban and non-debtor 960 Associates LLC ("<u>Landlord</u>");

**WHEREAS**, Aareal is Landlord's secured lender and mortgagee of the Property having made a $60 million loan to Landlord in July 2018 (the "<u>Loan</u>");

**WHEREAS**, the Loan matured and Landlord breached the terms of the Loan by failing to pay all amounts due on the Loan's maturity date;

**WHEREAS**, on August 25, 2025, Aareal commenced a commercial foreclosure action against Landlord in New York County Supreme Court (the "<u>New York State Court</u>") captioned

---

[1] The "<u>Debtors</u>" in these chapter 11 cases and the last four digits of each of Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907).

*Aareal Capital Corporation v. 960 Associates LLC, et al.*, Index No. 805379/2025 (the "Foreclosure Action");

**WHEREAS**, LuxUrban is a named defendant in the Foreclosure Action, in part, to extinguish its rights of redemption and possession under New York law;

**WHEREAS**, on August 25, 2025, Aareal filed a motion to appoint a receiver over the Property in the Foreclosure Action (the "Receiver Motion"), which neither Landlord nor LuxUrban opposed;

**WHEREAS**, on September 9, 2025, the New York State Court (Hon. Joel M. Cohen) issued a Decision and Order granting the Receiver Motion and directing Aareal to submit a proposed receiver order to the Court for its review and approval (the "Receiver Order");

**WHEREAS**, on September 14, 2025, (the "Filing Date") Debtors filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, following the Filing Date, counsel to Aareal reached agreement with counsel to the Debtor on a mutually acceptable stipulation and proposed form of Order (the "Stipulated Order") that would modify the automatic stay imposed by Section 362 of the Bankruptcy Code (the "Automatic Stay") to the extent necessary to allow Aareal to submit the Receiver Order to the New York State Court;

**WHEREAS**, on September 24, 2025, Aareal's counsel filed a letter requesting that the Court enter the Stipulated Order (ECF 25; 53);

**WHEREAS**, on September 30, 2025, the Court held a status conference and directed Aareal to confer with the Office of the United States Trustee (the "UST") concerning the Receiver Order, and, after reaching agreement with the UST, file the "stipulation and comfort order" on

2

presentment with seven days' notice after which the Court would enter the "stipulation and comfort order" assuming it received no objection from any other party in interest;

**WHEREAS**, the ongoing government shutdown resulted in the UST furloughing a large portion of its staff and prevented Aareal from conferring with the UST concerning the Receiver Order;

**WHEREAS**, on October 21, 2025, the Court entered an *Order Converting Case to a Case Under Chapter 7* (ECF 94);

**WHEREAS**, on October 21, 2025, the UST appointed Kenneth Silverman as the interim Chapter 7 Trustee for Debtors' estate (ECF 95) (the "Chapter 7 Trustee");

**WHEREAS**, the Chapter 7 Trustee is considering whether to, among other things, reject the Lease, which would terminate it and extinguish Debtors' interest therein;

**WHEREAS**, the Chapter 7 Trustee has reviewed the Receiver Order and does not object to its immediate entry by the New York State Court while the Chapter 7 Trustee evaluates whether to reject the Lease;

**WHEREAS**, the Chapter 7 Trustee does not object to the continued prosecution of the Foreclosure Action in the New York State Court while the Chapter 7 Trustee evaluates whether to reject the Lease;

**WHEREAS**, the Chapter 7 Trustee does not object to the lifting of the Automatic Stay to the extent necessary for the New York State Court to enter the Receiver Order and Aareal to continue the prosecution of the Foreclosure Action;

**NOW**, therefore, it is hereby stipulated, agreed, and ordered that:

1. The automatic stay imposed by Section 362 of the Bankruptcy Code is modified to the extent necessary to permit Aareal to file the Receiver Order with the New York State Court and for that court to enter the Receiver Order;

2. The automatic stay imposed by Section 362 of the Bankruptcy Code is also modified to the extent necessary to permit Aareal to continue the prosecution of the Foreclosure Action.

3. Except as otherwise set forth above, the automatic stay otherwise remains in full force and effect.

4. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. Aareal is authorized to take all actions it deems necessary or appropriate to effectuate the relief granted in this Order.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, and the New York State Court shall have jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Receiver Order or any other actions to implement, interpret or enforce the terms and provisions of the Receiver Order.

Dated: October 29, 2025

| | |
|---|---|
| /s/ Robert L. LeHane | /s/ Ronald J. Friedman |
| Robert L. LeHane | Ronald J. Friedman |
| David I. Zalman | **RIMÔN PC** |
| Randall L. Morrison, Jr. | 100 Jericho Quadrangle, Suite 300 |
| **KELLEY DRYE & WARREN LLP** | Jericho, New York 11753 |
| 3 World Trade Center | Tel.: (516) 479-6303 |
| 175 Greenwich Street | ronald.friedman@rimonlaw.com |
| New York, New York 10007 | |
| Tel.: (212) 808-7800 | *Counsel to Kenneth Silverman, Chapter 7* |
| Fax: (212) 808-7897 | *Trustee* |
| Email:   rlehane@kelleydrye.com | |
|              dzalman@kelleydrye.com | |
|              rmorrison@kelleydrye.com | |

*Counsel to Aareal Capital Corporation*

**SO ORDERED.**

Dated: New York, New York
            November 4, 2025

                                                                        *s/ David S. Jones*
                                                                        Honorable David S. Jones
                                                                        United States Bankruptcy Judge