**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 7 |
|  | ) |
| LUXURBAN HOTELS INC.,[1] | ) Case No. 25-12000-DSJ |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER GRANTING NON-DEBTORS BRIAN FERDINAND'S AND SHANOOP KOTHARI'S MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY TO SETTLE THE SECURITIES CLASS ACTION**

Upon consideration of the Motion (the "Motion") (Docket No. 151) of Non-Debtors Brian Ferdinand and Shanoop Kothari ("Movants") seeking entry of an order determining that proceeds under those certain Director & Officer ("D&O") insurance policies (as described in the Motion) are not property of the above-captioned debtors' estates and that 11 U.S.C. § 362 is thus not applicable, or that there is cause to modify the automatic stay under 11 U.S.C. § 362 to the extent necessary, so that proceeds from the D&O insurance policies may be utilized for settlement of the Class Action Litigation (as defined in the Motion); and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that no other or further notice need be provided; and no opposition to the Motion having been filed; and upon the Motion and all of the proceedings before the Court; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby

**ORDERED** that

1.      The Motion is granted as set forth herein;

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: LuxUrban Hotels Inc. (4945); and LuxUrban RE Holdings LLC (2907).

2.      The automatic stay imposed by 11 U.S.C. § 362 does not bar XL Specialty Insurance Company (the "Insurer") from paying insurance proceeds in accordance with the terms of those certain D&O insurance policies (as described in the Motion) for purposes of effectuating settlement of the Class Action Litigation (as defined in the Motion).

3.      Alternatively, to the extent that the automatic stay imposed by 11 U.S.C. § 362 applies to the Insurer, or the proceeds of the D&O insurance policies, the automatic stay is hereby modified to permit the Insurer's payment of insurance proceeds in accordance with the terms of those certain D&O insurance policies (as described in the Motion) for purposes of effectuating settlement of the Class Action Litigation.

4.      All amounts paid in effectuating the settlement of the Class Action Litigation shall reduce the limit of liability of the D&O insurance policies as provided therein.

5.      Nothing contained in this Order shall modify or change (i) any of the terms and conditions of the D&O insurance policies or (ii) any person's rights, if any, under the D&O insurance policies.

6.      The fourteen (14) day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances of these cases.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
         March 30, 2026

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

2